*344 The opinion of the Court was delivered by
Munro, J.
Several grounds are relied on by the plaintiffs for a new trial, but from the view taken of the case by a majority of the Court, it is only deemed necessary to notice the first, which questions the competency of the witnesses Lucas and Trumbo, because of their interest in the matters out of which the controversy in question has arisen.
The rule laid down by the text writers on evidence, which excludes the testimony of a witness occupying towards one of the parties to the suit, the relation which these witnesses did towards the defendants, and the principle upon which it is founded, may be stated thus : That when the action against the master or employer, is founded upon the imputed negligence of the servant or agent, the latter has an indirect interest in the record, in reference to a subsequent suit; for, if the latter has been guilty of the misconduct imputed to him, he will be liable over to the master, or employer; and, although in such action, the record in the first suit will not be evidence to establish the agent’s misconduct, it will, however, be admissible to establish the quantum of damages; therefore he has a direct interest in defeating the action. (1 Green Ev. sect. 394; 1 Phil. Ev. 101.)
Numerous decisions, both English and American, might be cited in support of the rule, but reference to a few of the more prominent of them will suffice; among the earliest of which, is the case of Martin vs. Hannacker, Lord Raym. 1007; which was an action against the defendant, for so negligently managing his ship, that it ran over the plaintiff’s barge. Holt, Chief Justice, held the pilot incompetent, because he was answerable over to the Master, in an action for the damages he sustained by his mismanagement.
In Green vs. The New River Company, 4 Term R. 589; the action was for consequential damages to the plaintiff’s horse by reason of the bursting of a pipe, belonging to the company’s works, owing to the defendant’s negligence. In answer to the *345 evidence introduced by the plaintiff, the defendants offered to call the turncock himself to disprove the evidence of the plaintiff’s witness. This was objected to without a release. Per curiam. The verdict in this case may be given in evidence against him, therefore he is incompetent without a release. To the same effect are the cases of Miller vs. Falconer, 1 Camp. 251; Whitman vs. Watterton, 4 Car. & P., and Marsh vs. Fort, 4 Taunt. 463. In the last-mentioned case, Borough, J., said, “ A distinction has been taken between witnesses for a plaintiff and witnesses for a defendant, but it would introduce an anomaly in the law if it made any difference in cases of this nature, whether a witness was called on one side, or on the other.”
In Thompson vs. Lathrop, 21 Pick. 336, which was an action by an officer, by whom certain goods had been attached, against another officer, by whom the same goods had been subsequently attached, and carried away; the servant of the plaintiff was held incompetent to prove that the goods had been carefully kept, and that the defendant knew they were under attachment, on the ground, that a recovery by the plaintiff would be either a bar to an action against the servant for negligence, or a part Satisfaction of the plaintiff’s claim.
But the case which, in its circumstances, more nearly resembles the one under consideration than either of the foregoing, is Flanagan vs. Drake, 2 Fox & Smith, 200, where, in an action against the defendant for so pulling down one of her own houses, that the plaintiff’s house was injured; it was held, that the defendant’s architect, retained to perform the work, was incompetent for her to prove that the' injury was not occasioned by his own work, and the following distinction was taken by the Court: “ Where the defendant’s servants commit a trespass by his command, they are competent witnesses for him, they being joint trespassers with him; otherwise, where being retained by him generally to do his lawful work, they negligently or injudiciously commit an injury not authorized by him. In the last case they are liable over to him, and *346 therefore are not competent, for they are called to disprove the very negligence against which they undertook.”
This distinction between acts of positive wrong, when committed by an agent acting under the authority of his principal, and mere acts of negligence, or omissions of duty, while acting within the scope of his employment, will be found to constitute the true ground upon which the agent’s competency to testify in the one case, and his incompetency to testify in the other is made to rest; and is fully sustained and illustrated by Story, in his Treatise on Agency, where, at sect. 308, he says, “ The law upon the subject, as to principals and agents, is formed upon the same analogies as exist in the case of masters and servants. The master is always liable to third persons for the misfeasances, and negligences, -and omissions of duty of his servants, in all cases within the scope of his authority. So the principal in like manner is liable to third persons for the like misfeasances, negligences, and omissions of duty of his agent, leaving him to his remedy over against the agent, in all cases, where the tort is of such a nature that he is entitled to compensation;” and at sect. 311, where, in speaking of the agent’s liability to third persons for their ‘own positive wrongs, or when committed by the authority of the principal, he says: “ In all such cases, the agent is personally responsible, whether he did the act intentionally or ignorantly, by the authority of the principal; for the principal could not confer on him any authority to commit a tort upon the rights or the property of another.”
The principle to be deduced from the authorities, then, I take to be this — that where a trespass is committed by an agent, acting outside of his authority, the principal is not liable, but the agent is alone responsible to the party injured. See M'Clenaghan vs. Brock, 5 Rich. 17. But if the injury be committed by the authority of the principal, then both are trespassers, and the party injured may proceed against them, either jointly or severally. If he, however, proceeds against *347 the principal in a separate action, then is the agent a competent witness for his principal, for in no court can the former be held responsible over to the latter. But where the action is against the principal, for consequential damages, resulting from the negligence of the agent, acting within the sphere of his employment — as was the case here — and for which the principal is in general alone responsible to the party injured, and not the agent, who is only responsible to his principal in the event of a recovery against him, and the tort is of such a nature as that he is entitled to compensation, then it is clear that the agent is incompetent without a release.
As the rule in question is, however, supposed to conflict with some of our own decisions on the subject, and especially so with the cases of Burrows vs. Reeves, 1 N. & M‘C. 427, and Duncan vs. Bell, 2 N. & M‘C. 159, a brief examination of these cases is deemed proper, from which it will appear, that there is not the slightest collision between either of them and the case under consideration. In the first mentioned case, the action was by the master of a vessel against the owner, to recover certain freight which had been received by the latter to his use. To this demand the owner set up in discount the value of a boat belonging to the vessel, and which had been delivered with her to the master; and a seaman belonging to the vessel was introduced as a witness on behalf of the master, to prove that the boat had been lost without his fault; his testimony was objected to by the owner, on the ground, that he, as well as the master, was liable to the owner for all losses which happened on board the vessel. In sustaining the competency of the witness, the Court said: “Admitting the position assumed in the ground, that at most, the witness, if at all liable to the defendant (the owner) stood in the same situation as to the plaintiff, (the master,) by whom he was called; and not being a party to the suit, he was competent. And if liable to the plaintiff, it must arise out of his individual negli *348 ligence in relation to the boat, which was not the subject in issue between these parties, and he was therefore admissible.”
Now it is very obvious, that so far from Burrows and Beeves being a parallel case to the one in hand, it on the contrary, exhibits a condition of things in almost every particular, directly the reverse ; for instead of an action by a third party against the principal, charging him with an injury resulting from the negligence of his agent, while acting within the sphere of his employment, we have an action by the principal himself against his own agent, charging him with the negligent loss of a chattel, to whose care it had been confided, and for the safe custody of which, he was, from the very nature of his employment, alone responsible to his principal.
But again, in Jordan vs. White, 4 Mart. Louisiana Rep. N. S. p. 335, it was held, that the mate was a competent witness for the master in an action by the owners for negligence; for the mate is not the servant of the master in such sense as shall exclude hinfifrom testifying; he is rather, like the master, the servant of the owner.
If the law laid down in this case be correct, and there can be no good reason for questioning its authority, it presents a far more satisfactory ground, upon which to rest the competency of the seaman’s testimony, than the reasons assigned for it in the opinion of the Court.
But conceding, according to the principle adjudged in the Louisiana case, the seaman to have been the servant of the owner; and further more, that he was alike responsible with the master for the negligent loss of the chattel sued for, still it is 'clear, that this by no means affected his competency; for not having been called to testify in behalf of his principal, but on the contrary, in behalf of the opposite party, his position was clearly that of a witness who is called to testify against his own interest; for while the effect of his testimony was to absolve the master from responsibility; its inevitable tendency was to fasten responsibility upon himself.
*349 But admitting the seaman to have been interested in the result of the suit, there is another ground upon which his competency might very well have been sustained; I mean the common law exception to the general rule, which disqualifies a witness from testifying in a cause, wher.e he has an interest in the result; and which is said by the text writers to depend upon the principle of necessity and public convenience; and is thus stated by Mr. Justice Buller: “ That a party interested will be admitted where no other evidence is reasonably to be expected.” It is upon this ground, that agents, factors and •servants, are held competent to prove the making of contracts, the sale of goods, or the receipt of money; and the master and crew of a ship, to testify in cases of collision, and salvage.
In reference to the other case, Duncan vs. Bell, the case was this: A. had sold a horse to B. and B. had sold it to C. and in an action as to the soundness of the horse, A was held a competent witness.
In sustaining the competency of the witness in this case, it matters not whether the reasoning of the court was sound or unsound, for it is sufficient that the witness did not sustain towards either of the parties to the suit, the relation of agent, or servant; for without the existence of one or other of these relations, there can be no pretence for saying that the cases are at all analogous.
The motion is granted.
O’Neall and Glover, JJ., concurred.